Anderson J.
delivered the opinion of the court.
These causes all rest upon the same ground, and involve the same question. Bach of them is a petition for a mandamus, to compel the second auditor to fund, in the name of the petitioner, certain certificates of stock, according to the act of 30th of March 1871. That act authorizes the funding of two-thirds the amount of “ any of' the bonds, stocks, or interest certificates, heretofore issued by this State, which are recognized by its constitution and laws as legal, except the 5 per centum dollar bonds, and what are known as sterling bonds,” &c. The second auditor in his answer to the several petitions of the plaintiffs, avers that the said bonds or certificates of indebtedness, claimed by the plaintiffs respectively, have not been recognized by the constitution as legal, and are therefore not authorized, by the act aforesaid to be funded. The provision in the constitution (Art. 10§10,) is, “Bo appropriation shall ever bo made for the payment of any debt or obligation created in the name of the State of Virginia, by the pretended and usurped State authorities assembled in Richmond during the war.” It appears from a certificate of the second auditor, that the stock was issued to the James River and Kanawha Company, under the second section of an act of the legislature of Virginia, passed March 18th, 1862; and we think that a mistake in the date of the act in its recital in the certificates of stock, is a clerical error, which may be corrected by the records of the office from which they issued. It is further shown that *174 the certificates of stock claimed by the plaintiffs, Francis Tates, Charles Aglionby, and Julia Terrell, were transfprredi by said James River and Kapawha Compaq ny to R. H. Maury & Co., October 30th, 1862; by them to J. H. Strider, November 1st, 1862, and by him to the said parties respectively, January 2d, 1863; and that the certificate of stock claimed by Mrs. Mary L. Meredith, was transferred by the said James River and Kanawha Company to Wm.M. Sutton & Co., January 7th, 1864, and by them to Mrs. Mary L. Meredith, January 21st, 1864. It thus appears that the several certificates of indebtedness, claimed by the plaintiffs respectively, are parts and parcels of liabilities assumed by the legislature during the war, and were created by an act of the legislature of 1862.
It might be questioned whether the legislature which passed the act aforesaid, comes within the terms of description used in the constitution, “pretended and usurped State authorities assembled, in Richmond during the war.” Though this court might be ever so clearly of opinion, that the legislature of 1862 does not answer the description cf a pretended and usurped authority, yet they cannot doubt, that within the contemplation of the framers of the constitution, it falls within that description; and that said clause of the constitution, was designed to invalidate every obligation on the part of the State for the payment of money created by act of the legislature during the war.
Then the question would arise, whether such provision of the State constitution is consistent with Article I, see. x, clause 1, of the constitution of the United States. But that question does not arise in these causes. The only question upon which they turn, is, whether the claims sought to be funded by these proceedings, are embraced by the act of March 30th, 1871; and if they *175 are not recognized by the constitution and laws, (as we have seen they are not,) whether their repudiation by the constitution is valid or not," no provision' is'made by the act of March 30th, 1871, nor authority given to the auditor, for.funding>■,them. Therefore the 2d auditor, in declining to fund them, acted strictly within the line of his duty; and the mandamus must be refused in each case.
Mandamus denied.